1  JOSHUA A. SOUTHWICK
2  GIBSON ROBB & LINDH LLP
   201 Mission Street, Suite 2700
3  San Francisco, California 94105
4  Telephone:  (415) 348-6000
   Facsimile:  (415) 348-6001
5  Email:      jsouthwick@gibsonrobb.com

6
   Attorneys for Plaintiff
7  MUNICH RE AND OTHER UNDERWRITERS
   SUBSCRIBING TO LLOYDS POLICY
8  B0595JZ086017H a/s/o TESLA, INC.
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  MUNICH RE AND OTHER              Case No. 2:19-cv-8052
14  UNDERWRITERS SUBSCRIBING
    TO LLOYDS POLICY                 **COMPLAINT FOR DAMAGE TO**
15  B0595JZ086017H a/s/o TESLA, INC.,  **AIR CARGO**

16          Plaintiff,

17
18       v.

19  TOTAL AIRPORT SERVICES, LLC, a
    limited liability company; and NIPPON
20  CARGO AIRLINES CO., LTD., a
    foreign corporation,
21
22          Defendants.

23

24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Plaintiffs' complaint follows:

1.      Plaintiffs MUNICH RE AND OTHER UNDERWRITERS SUBSCRIBING TO LLOYDS POLICY B0595JZ086017H a/s/o TESLA, INC, (collectively "UNDERWRITERS") are now, and at all times material were, legal entities duly organized and existing by virtue of law.  UNDERWRITERS insured a shipment of batteries owned by TELSA, INC. that is the subject of this action.

2.      Plaintiffs are informed and believe and on the basis of that information and belief allege that TOTAL AIRPORT SERVICES, LLC ("TAS"), a limited liability company, and NIPPON CARGO AIRLINES CO., LTD., ("NIPPON") a foreign corporation; are now and at all times material were entities engaged in business as common carriers and bailees for hire in the County of Los Angeles, State of California.

3.      The claims alleged herein are causes of action for damage to cargo arising under treaties and statutes of the United States, namely the Convention for the Unification of Certain Rules for International Carriage, done at Montreal on May 28, 1999 ("Montreal Convention"), ICAO Doc. No. 9740 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734. Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. 1391(b)(2).

5.      Plaintiffs are informed and believe, and on the basis of such information and belief allege that, on or around September 18, 2017, in Los Angeles, California, defendants TAS and NIPPON received 50 packages of lithium ion batteries for carriage under air waybill 933 81052845, and others, issued by and/or on behalf of said defendants.  NIPPON agreed, under contracts of carriage and in return for good and valuable consideration, to carry said batteries from Los Angeles, California, to Adelaide, Australia and there deliver said cargo to the lawful holder of the aforementioned air waybill, and others, in the same good order, condition, and quantity as when received.  On information and belief, NIPPON

1   subcontracted some of the carriage and handling to defendant TAS.

2       6.      Thereafter, in breach of and in violation of said agreements, TAS and

3   NIPPON did not deliver said cargo in the same good order and condition as when

4   received at Los Angeles.  To the contrary, said defendants, and each of them,

5   dropped the cargo, causing damage in the amount of $121,185.75.

6       7.      Written notice of the damage was provided to defendants within 14

7   days from the date the cargo was to have been delivered in compliance with Article

8   31(3) and 31(4) of the Montreal Convention.

9       8.      Prior to the shipment of the herein described cargo and prior to any loss

10  thereto, plaintiff UNDERWRITERS issued their policy of insurance whereby they

11  agreed to indemnify TESLA, INC., the owner of the subject cargo, and its assigns,

12  against loss of or damage while in transit, including mitigation expenses, and

13  plaintiff UNDERWRITERS has therefore become obligated to pay, and has paid, to

14  the person entitled to payment under said policy the sum of $111,185.75 on account

15  of the herein described loss.

16      10.     Plaintiffs have therefore been damaged in the sum of $111,185.75, no

17  part of which has been paid, despite demand therefor.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1     WHEREFORE, plaintiffs pray that this Court enter judgment in their favor

2   and against the defendants; that this Court decree payment by defendants to

3   plaintiffs in sum of $111,185.75, together with prejudgment interest thereon and

4   costs of suit herein; and that plaintiffs have such other and further relief as in law

5   and justice they may be entitled to receive.

6

7                           Respectfully submitted,

8   Dated: September 17, 2019        GIBSON ROBB & LINDH LLP

9

10                          /s/ JOSHUA A. SOUTHWICK
                            Joshua A. Southwick
11                          jsouthwick@gibsonrobb.com
                            Attorneys for Plaintiff
12                          MUNICH RE AND OTHER
                            UNDERWRITERS SUBSCRIBING TO
13                          LLOYDS POLICY B0595JZ086017H a/s/o
                            TESLA, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28